UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

CHERYL JULIAN,

               Plaintiff,

v.                                          **DECISION AND ORDER**
                                                 04-CV-964S

TOWN OF CHEEKTOWAGA,
CHRISTINA M. NEWMAN, and
TIM CARTER.

               Defendants.

1. Plaintiff Cheryl Julian commenced this action on November 5, 2004, by filing a Summons and Complaint in the New York State Supreme Court, County of Erie.

2. On December 1, 2004, Defendants Town of Cheektowaga and Christina M. Newman, a Cheektowaga Police Officer, removed this case to the United States District Court for the Western District of New York.

3. Plaintiff's Complaint alleges that Defendants subjected her to false arrest and imprisonment, excessive force and malicious prosecution in violation of the Fourth, Fifth and Fourteenth Amendments of the United States Constitution. Specifically, Plaintiff alleges that on August 15, 2003, Defendant Newman wrongfully arrested her on charges of attempted petit larceny after she called to report that Defendant Carter's dog had been left unattended in a hot, unventilated car. Plaintiff also asserts a cause of action for battery against Defendant Newman, and one for negligence against Defendant Carter.

4. According to the executed Summons filed by Plaintiff, Defendant Carter was served with process on November 5, 2004. Specifically, the Affidavit of Service indicates that the server affixed a copy of the Summons and Complaint to the door of Defendant Carter's home, and mailed copies of the same to his home address.

1

5. On March 8, 2005, Plaintiff filed a Request for a Clerk's Entry of Default against Defendant Carter. In support of her request, Plaintiff cited to Defendant Carter's failure to answer or otherwise appear in this action.

6. On May 27, 2005, the Clerk of the Court entered default against Defendant Carter.

7. On October 21, 2005, Defendant Carter filed the instant Motion to Set Aside the Clerk's Entry of Default. Defendant Carter asserts that he was not served in this case and that he has a meritorious defense to Plaintiff's claims.

8. Rule 55(c) of the Federal Rules of Civil Procedure provides that a district court may set aside an entry of default "[f]or good cause shown." In this regard, the United States Court of Appeals for the Second Circuit has held that "[i]n determining whether to set aside a party's default, the district court should consider principally '(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented.'" Powerserve Int'l, Inc. v. Lavi, 239 F.3d 508, 514 (2d Cir. 2001) (quoting Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 96 (2d Cir. 1993). Moreover, "[b]ecause there is a 'preference for resolving disputes on the merits,' [all] doubts 'should be resolved in favor of the defaulting party.'" Lavi, 239 F.3d at 514 (quoting Enron, 10 F.3d at 95, 96).

9. In the present case, it is unclear whether Plaintiff willfully failed to file an answer or otherwise appear in a timely manner. Defendant Carter contends that he was not properly served with the Summons and Complaint, while Plaintiff insists that he was. However, as mandated by the Second Circuit, any doubt on this issue must be resolved in favor of Defendant Carter. Lavi, 239 F.3d at 514.

10. Setting aside the Entry of Default will not cause Plaintiff to suffer undue

2

prejudice.  Although granting Defendant Carter's motion may cause some delay in the progress of this litigation, "delay alone does not establish prejudice."  Enron, 10 F.3d at 98.  Moreover, the probability of delay is substantially decreased by Defendant Carter's apparent involvement and working knowledge of this case.  The record reflects that counsel for Defendant Carter, while not filing a formal appearance on behalf of his client, has engaged in settlement negotiations and status conferences before this Court since September 13, 2005.

11.     Finally, Defendant Carter has proffered a meritorious defense to Plaintiff's claims against him.  Specifically, he contends that Plaintiff broke into his car and attempted to steal his dog, prompting him to call the police.  This Court notes that the test with regard to a meritorious defense is not "whether there is a likelihood that it will carry the day, but whether the evidence submitted, if proven at trial, would constitute a complete defense."  Id.  If proven at trial, Defendant Carter's proffered defense would constitute a complete defense to Plaintiff's claims of false arrest and imprisonment, and malicious prosecution.

12.     Based on the foregoing, this Court concludes that the Clerk's Entry of Default against Defendant Carter should be set aside.  However, this Court finds that it was not improper for Plaintiff to contest the instant Motion, and in particular, Defendant Carter's assertion that he was not properly served.  Accordingly, Defendant Carter's request that Plaintiff pay the costs of bringing the instant motion is denied.

IT HEREBY IS ORDERED that Defendant Carter's Motion to Set Aside the Clerk's Entry of Default (Docket No. 22) is GRANTED.

FURTHER, that the Clerk of the Court is directed to vacate the Entry of Default as to Defendant Carter (Docket No. 15).

FURTHER, that Defendant Carter shall have until Friday, March 31, 2006, to conduct

discovery.

FURTHER, that Defendant Carter shall file any dispositive motions by Friday, April 21, 2006.

FURTHER, that Plaintiff shall file any response thereto by Friday, May 5, 2006.

FURTHER, that oral argument previously scheduled for April 5, 2006, at 10:00 a.m., is adjourned until May 17, 2006 at 10:00 a.m..

SO ORDERED.

Dated:      February 17, 2006
            Buffalo, New York

                                    /s/William M. Skretny
                                    WILLIAM M. SKRETNY
                                    United States District Judge