UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

CHERYL JULIAN,

                                            Plaintiff,                    **DECISION AND ORDER**

                        -vs-                                       04-CV-964S(Sc)

TOWN OF CHEEKTOWAGA, et al.,

                                          Defendants.

---

## I.  INTRODUCTION

Plaintiff commenced this action on or about November 1, 2004 in New York State Supreme Court, County of Erie, and it was removed to this Court on December 1, 2004. Presently before this Court are Plaintiff's unopposed Motion for Enlargement of Time to Conduct the First Mediation Session (Docket No. 51) and Defendant Tim Carter's Motion for Extension of Time to Complete Discovery (Docket No. 52).

## II.  DISCUSSION

### A.  MOTION TO ENLARGE TIME TO CONDUCT MEDIATION

This case was referred to mediation on February 6, 2006. On February 10, 2006, Defendants Town of Cheektowaga and Christina A. Newman moved for a stay of mediation until the Court ruled on their pending summary judgment motions. The motion for a stay was denied on February 23, 2006.

Thus, on February 23, 2006, all parties were clearly apprised of the Court's intent that mediation proceed in accordance with the February 6, 2006 Referral Order, with a first

1

mediation session to occur no later than March 31, 2006. Similarly, on February 23, 2006, Plaintiff's counsel was well aware that he was scheduled to start a jury trial in a different case on March 3, 2006. *See* Docket 05-CR-187. Plaintiff's counsel did not then notify the Court that the scheduled trial would make it difficult for him to comply with Plaintiff's mediation obligations in this case.

The parties stipulated to the selection of a Mediator for this case on March 3, 2006 (Docket No. 46). On that same date, the jury trial in 05-CR-187 was rescheduled to begin on March 27, 2006. Again, Plaintiff's counsel did not notify the Court that the new trial date would interfere with his ability to comply with the mediation Referral Order in this case. Instead, the parties apparently agreed amongst themselves not to comply (Cantwell Aff., ¶ 5).

On March 31, 2006, the deadline for the conduct of a first mediation session, Plaintiff's counsel moved for an extension of time on the ground that his March 27, 2006 trial in 05-CR-187 "interfered with an agreed upon first meeting with the mediator" (Cantwell Aff., ¶ 4). Pursuant to the parties' stipulation to the selection of a mediator, the first mediation session was to have occurred on March 28, 2006 (Docket No. 46).

Plaintiff's counsel does not indicate that he made any attempt whatsoever to reschedule that date after his March 3 status conference in 05-CR-187 and does not explain why he waited until the expiration of the mediation deadline to bring this matter to the Court's attention. Nevertheless, it is apparent that a conflict existed with regard to the date initially selected by the parties. Because Plaintiff does not indicate that there is any circumstance that would now prevent the expeditious rescheduling of mediation, the

deadline for the first mediation session is extended to and including May 22, 2006.

**B.      MOTION TO EXTEND TIME TO COMPLETE DISCOVERY**

On February 20, 2006, this Court granted Defendant Carter's Motion to Set Aside the Clerk's Entry of Default against him and set deadlines of March 31, 2006 for the conduct of discovery and March 21, 2006 for the filing of dispositive motions.  On or about February 28, 2006, Carter's counsel sent a letter request to the Court for an extension of time in which to conduct discovery.  That letter was stamped "Do Not Forward Letters to the Court" and was returned to Carter's counsel on March 7, 2006.  Despite the fact that no action was taken with regard to his letter, counsel apparently did not engage in discovery, nor did he move for an extension of time in which to do so until April 6, 2006, six days after the discovery deadline had expired.

Defendant offers no reasonable cause for his failure to timely conduct discovery or to timely move for an extension of time.  Accordingly, his motion to extend the discovery deadline is denied.  However, in light of the pendency of the instant motion, this Court will extend Defendant Carter's time in which to file dispositive motions to and including May 10, 2006.

The Court notes that it has reviewed Defendant Carter's February 28, 2006 letter in the context of the instant motion.  Defendant's counsel hereby is notified that it is inappropriate to reveal to the trial court the content of the parties' settlement negotiations.

Because of the additional time now provided for the conduct of mediation and the filing of dispositive motions, the oral argument previously scheduled for May 17, 2006 is adjourned.  Oral argument will be rescheduled by further order, as necessary.

### III.  CONCLUSION

For the reasons stated above, Plaintiff's Motion for Enlargement of Time to Conduct the First Mediation Session is granted and the time is extended to and including May 22, 2006.  Defendant Carter's Motion for Extension of Time to Complete Discovery is denied; however, his time in which to file a dispositive motion is extended to May 10, 2006.

### ORDERS

IT HEREBY IS ORDERED, that Plaintiff's Motion for Enlargement of Time to Conduct the First Mediation Session (Docket No. 51) is GRANTED.

FURTHER, that the initial mediation session in this case shall be held no later than May 22, 2006, and no further extension of time will be granted.

FURTHER, that Defendant Carter's Motion for Extension of Time to Complete Discovery (Docket No. 52) is DENIED.

FURTHER, that Defendant Carter's time in which to file dispositive motions is extended to May 10, 2006.

FURTHER, that oral argument previously scheduled for May 17, 2006 is ADJOURNED.

SO ORDERED.

Dated:     April 21, 2006
           Buffalo, New York

                                              /s/William M. Skretny
                                              WILLIAM M. SKRETNY
                                              United States District Judge